**Willie MORRIS, Petitioner—Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent—Appellee.**

**No. 04–56359.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Jan. 13, 2006.

Stewart & Harris, South Pasadena, CA, for Petitioner–Appellant.

Willie Morris, Calipatria, CA, pro se.

Michael C. Keller, Esq., Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, COWEN,* and THOMAS, Circuit Judges.

## MEMORANDUM **

Petitioner Willie Morris timely appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We apply the strict standard required by 28 U.S.C. § 2254(d); habeas relief is available here only if the state court's adjudication of the claim involved either an unreasonable determination of the facts or an unreasonable application of clearly established federal law as declared by the Supreme Court. We have jurisdiction under 28 U.S.C. § 2253, and we review the decision of the district court de novo, see Paulino v. Castro, 371 F.3d 1083, 1085 (9th Cir.2004).

On September 10, 1999, the police spotted Petitioner driving a stolen vehicle. He was arrested and brought to the police station. A lineup was scheduled to see if

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the car's owner could identify Petitioner as the man who had stolen her car. While the lineup was being assembled, Petitioner told the deputy sheriff that he did not want to participate in the lineup but that he wanted to speak with his attorney. The deputy sheriff told Petitioner that counsel did not want to speak to him. The lineup was canceled.

At a preliminary hearing the next morning, the prosecutor announced that the state intended to add a carjacking charge. Petitioner asked for a second lineup, but the judge refused. The prosecution amended the information to include a charge for carjacking, and later added a charge for second degree robbery. Petitioner entered a plea of not guilty. The preliminary hearing continued, and the victim identified Petitioner as the man who had stolen her car.

Petitioner filed a non-statutory motion to dismiss the case asserting that his due process right to a lineup had been denied when his request for a second lineup was rejected. The motion was deemed premature, and Petitioner was told that he could raise the issue to the trial judge. Petitioner did not renew the motion to dismiss with the trial judge. After a jury trial, Petitioner was convicted on all three counts. In his petition he offers several challenges to his conviction, but for the reasons set forth below, we agree with the California Court of Appeal that the habeas petition lacks merit.

Petitioner first contends that his Sixth Amendment rights were denied because he was not given the opportunity to speak with counsel prior to the scheduled lineup. We disagree. Although a lineup is "a critical stage of the prosecution at which [a defendant is] as much entitled to such aid [of counsel] ... as at the trial itself," *United States v. Wade*, 388 U.S. 218, 237, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (inter-

nal citations omitted), Petitioner did not participate in a lineup.

Petitioner next asserts that the state court denied his due process rights by denying his request to continue the preliminary hearing to schedule a second lineup. Under California law, "due process requires in an appropriate case that an accused, upon timely request therefor, be afforded a pretrial lineup in which witnesses to the alleged criminal conduct can participate." *Evans v. Superior Court*, 11 Cal.3d 617, 625, 114 Cal.Rptr. 121, 522 P.2d 681 (1974). However, the United States Supreme Court has never held that a criminal defendant has a constitutional right to a pretrial lineup. Further, the Ninth Circuit has rejected explicitly any constitutional dimension to a defendant's request for a pretrial lineup. *See United States v. Robertson*, 606 F.2d 853, 857–58 (9th Cir.1979) ("An accused has no absolute or constitutional right to a lineup."). Accordingly, this claim fails.

Because Petitioner did not have a constitutional right to a pretrial lineup, his claim that the district court denied him due process by failing to adjudicate his non-statutory motion to dismiss must consequently fail. Petitioner also contends that he received ineffective assistance because his counsel failed to renew his non-statutory motion to dismiss. Although a competent attorney should have presented the motion, *see Strickland v. Washington*, 466 U.S. 668, 687–88, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Petitioner was not prejudiced by this failure because the motion was without merit, *see id.*

■ Finally, Petitioner contends that the district court abused its discretion by not holding an evidentiary hearing regarding the circumstances underlying Petitioner's refusal to participate in the lineup. Petitioner failed to develop the factual basis of his claims in state court by neglecting to request an evidentiary hearing con-

cerning the circumstances surrounding his refusal to participate in a lineup. Further, Petitioner is not entitled to an evidentiary hearing because he has not presented any new facts or law; nor can he contend that he was the victim of a constitutional error because he did not have a constitutional right to consult with his attorney about participating in the lineup. *See Sandoval v. Clarke,* 323 F.3d 1165, 1171 n. 4 (9th Cir.2003).

Under the standards of 28 U.S.C. § 2254(d), we must affirm because the California Court of Appeal's decision was neither contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent. Nor did the state court unreasonably determine the facts. Accordingly, the district court's denial of Petitioner's habeas petition is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.